UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.E., | No. 1:26-cv-1819 TLN CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TONYA ANDREWS, et al., | |
| Respondents. | |

Petitioner is detained by the Immigration and Customs Enforcement Agency (ICE) at the Golden State Annex ICE Detention Facility in McFarland. ECF No. 1 at 2. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Based upon the following, the court recommends that the petition be denied.

I. Facts

Petitioner, a native of El Salvador, entered the United States without authorization in March, 2007 when he was 17. ECF No. 13 at 4. On September 5, 2017, petitioner pled no contest to assault with a semi-automatic firearm and was sentenced to 11 years in prison. Id. at 5. Upon completion of his sentence on August 22, 2022, petitioner was detained by ICE and has been in continuous ICE detention since that date. Id. at 4.

1

On April 7, 2025, petitioner's conviction was vacated as it was determined that when he pled guilty, he did not understand the adverse immigration consequences of his plea.  Id. at 89-90. At the same time, petitioner pled guilty to two counts of dissuading a witness and was sentenced to 180 days in jail with time having already been served.  Id. at 92-93.

As a result of the change with respect to petitioner's criminal history, petitioner was provided with a bond hearing pursuant to 8 C.F.R. § 1236 on May 8, 2025.  Id. at 204.  Bond was denied as the immigration judge found petitioner did not establish he is neither a flight risk, nor a danger to the community.  Id. at 208.  That decision was affirmed by the Board of Immigration Appeals (BIA) in a decision rendered September 29, 2025.  Id. at 217.

On March 24, 2026, petitioner was found inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and ordered removed.  ECF No. 14-1.  Petitioner is appealing that decision to the Board of Immigration Appeals.  ECF No. 16-1.  The court assumes removal is stayed.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

A.  Petitioner's Detention Governed by 8 U.S.C. § 1226

Respondent claims petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). As the court recently held in Puac v. Warden, Cal. City ICE Det. Facility, No 1:26-cv-1388 TLN CKD P, 2026 WL 1133274, *2 (E.D. Cal. April 27, 2026), 8 U.S.C. § 1226, rather than § 1225,

applies to individuals such as petitioner who were arrested inside the United States as opposed to at the border around the time of entry.  Accord Fernandez Alvarez v. Warden, Fed. Det. Cntr. Miami, No. 25-14065, 2026 WL 1243395, *18 (11th Cir. May 6, 2025) ("§ 1226 supplies the default rule of detention for an alien arrested and detained in the interior"); Barbosa da Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044, at *2, 3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)").  But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings.  After arrest, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2).  If the arrestee wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).  As indicated above, petitioner was provided a bond hearing and the ability to appeal that decision.  It does not appear petitioner has been denied any other process afforded to him under 8 U.S.C. § 1226.  Under 8 C.F.R. § 1003.19(e) petitioner has a right to follow-up custody redetermination hearings upon a showing of material change in circumstances.  It does not appear petitioner has requested such a hearing.

B.  Due Process

As indicated above, petitioner has been given all process required by statute.  Petitioner claims he is either entitled to additional process or release as his "prolonged" and / or "punitive" ICE detention violates the Due Process Clause of the Fifth Amendment.  As indicated above, petitioner has been in ICE custody for 44 months.  From the date of his detention on August 22,

3

2022, until his conviction for assault with a semi-automatic firearm was vacated on April 7, 2025, petitioner was subject to mandatory detention under 8 U.S.C. 1226(c).  During that period petitioner was in "withholding only" proceedings and delay of the proceedings was occasioned by his challenge to a final order of removal.  This being the case, petitioner's mandatory detention during that period did not violate the Due Process Clause.  E.g. Ambriz v. Albarran, 1:26-cv-2230 DC CKD P, ECF No. 17, May 28, 2026.

After the conviction was vacated, petitioner's detention, which includes the right to release if petitioner can establish he is neither dangerous, nor a flight risk, is authorized under 8 U.S.C. § 1226(a) as indicated above.

The Ninth Circuit has held the Due Process Clause protects persons in the removal process from "arbitrary prolonged detention" without any process.  Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).  But, petitioner has received process in the form of a bond hearing, the appeal of the denial of his release and, petitioner is eligible for a follow up hearing.  Petitioner fails to point to anything suggesting ICE or DHS have inordinately delayed removal proceedings, that he ultimately will not be subjected to removal or that he is not free to leave detention by agreeing to return to El Salvador.  On this record, the court cannot find that petitioner is being subjected to arbitrary prolonged detention and the court is not aware of any binding precedent suggesting the Due Process Clause demands any more than petitioner has received or is entitled to receive.

As for petitioner's assertion that he is entitled to a hearing with the result being release unless the government demonstrates by clear and convincing evidence that petitioner is either a fight risk or danger to the community, ECF No. 1 at 30, as opposed to the process to which he is entitled under statute (a follow-up hearing if materially changed circumstances are shown), the Ninth Circuit's decision in Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210-11 (9th Cir. 2022) indicates otherwise.  In Rodriguez Diaz, 53 F.4th at 1212, the Ninth Circuit rejected the notion that the passage of 14 months from the first § 1226(a) bond hearing justified an order of process above that required by statute.  "[D]uration [of detention] alone cannot sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its

4

implementing regulations." Id. Here, petitioner's first bond hearing was a little over a year ago and his appeal was denied a little over 8 months ago.

Other than duration of confinement, petitioner asks that the court consider petitioner's conditions of confinement in determining whether confinement is appropriate or whether petitioner is entitled to some other process as to his confinement. ECF No. 1 at 24,  The court agrees with the reasoning in Moya v. Blanche, No. 2:26-cv-0675 APG DJA, 2026 WL 1481604, *8-9 (D. Nev. May 27, 2026) and Chavez v. Becerra, 1:25-cv-2058 KES SAB HC, 2026 WL 603742, *2 (E.D. Cal. March 4, 2026) and the conclusion that habeas relief is generally not available based upon a challenge to conditions of confinement and conditions of confinement should be challenged in a civil rights action or possibly a claim under Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  If conditions are unlawful, the relief is either damages or injunctive relief removing the unlawful conditions, not a determination that petitioner is unlawfully detained.

Petitioner also suggests the court has the authority to review an immigration judge's determination or BIA finding that a detainee is dangerous and / or a flight risk resulting in continued detention under 8 U.S.C. § 1226(a).  ECF No. 1 at 24.  Title 8 U.S.C. §§ 1226(e) provides "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  In Martinez v. Clark, 36 F.4th 1219 (9th Cir. 2022), (vacated on other grounds), the Ninth Circuit recognized that 8 U.S.C. § 1226(e) renders "determination of whether a particular noncitizen poses a danger to the community . . . a discretionary determination, which a federal court may not review." Martinez, 36 F.4th at 1228.  Accordingly, the court is precluded under binding precedent from reviewing the determination that petitioner is both a flight risk and dangerous.

Finally, petitioner suggests this court should hold a bond hearing instead of an immigration judge.  ECF No. 1 at 24.  Nothing suggests the court has jurisdiction to hold such a hearing.

/////

/////

IV.  Conclusion

Because petitioner does not show his confinement violates either federal statutory law, or the Due Process Clause of the Fifth Amendment, the court recommends that his petition for a writ of habeas corpus be denied and this case be closed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) be DENIED.

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen  days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
r.e.1819.imm.fnrs

6